## COMMONWEALTH vs. WILLIAM M'LAUGHLIN.

In this commonwealth the stealing from a vessel in the night time is a distinct offence from that of stealing from a vessel in the day time.

Since the *St.* 1843, c. 1, § 3, an averment of a larceny from a vessel " on the 24th day of July, &c." is to be deemed an allegation that the offence was committed in the day time, and is not supported by proof of such a larceny in the night time of that day; but the defendant might be found guilty of a simple larceny.

MERRICK, J. The indictment alleges that the defendant feloniously stole certain bank bills and other enumerated articles of personal property, " on the 24th day of July," in a certain vessel called the J. W. Whipple. This, by force of the provisions of the 2d section of the statutes of 1843, *c.* 1, must be deemed and taken to be, an averment that the alleged larceny was committed in the vessel in the day time of that day. The evidence produced on the part of the government at the trial, tended to prove that certain bank bills issued by banks located in the city of Boston, were stolen by the defendant from the vessel called the J. W. Whipple, in the night time. The defendant thereupon requested the court to instruct the jury that there was a variance between the crime alleged in the indictment, and that which the evidence produced in behalf of the government, tended to prove. But the presiding judge declined so to instruct them, and the defendant was convicted of the whole charge as set forth in the indictment against him.

The instructions, thus prayed for, ought to have been given. Allowing the evidence produced by the government to go to the jury for the purpose of proving the allegations contained in the indictment, connected with the refusal of the presiding judge to accompany it with these instructions, was equivalent to advising them, that it was sufficient to authorize and justify a conviction of the defendant of the particular crime of which he was accused. And it is apparent from their verdict that it was so understood and acted upon by the jury. But the crime charged, and the crime proved, were not the same. They are two distinct offences. The legislature by special enactments in the case of aggravation, or, as they are sometimes called, compound larcenies, have made time and place essential elements of the several offences for which punishments are prescribed. Stealing from a vessel in the night time, is a distinct offence from that of stealing from a vessel in the day time. The penalties annexed to the commission of these crimes, are prescribed by different statutes; and the sentences which may be respectively imposed upon an accused party after a conviction of them, are not necessarily the same. Rev

Sts. *c.* 126, § 14; *St.* 1845, *c.* 28. The consequences and effect of such legislative provisions as these, were particularly considered in the case of *Hopkins* v. *The Commonwealth*, 3 Met. 460. And it was there determined that evidence of the commission of a larceny in the night time would not support the allegations of an indictment charging the stealing of the same property in the day time. The principle established in that case is decisive of the question raised in this, which presents, in reference to the particular parts of a day, the converse of the proposition there asserted and maintained. Undoubtedly, the evidence adduced by the government was sufficient to have warranted a conviction of the defendant of simple larceny upon the present indictment, but as under erroneous instructions he was found guilty of a more aggravated crime, a new trial must be granted.

*Exceptions sustained.*

*B. F. Butler*, for the defendant.

*G. P. Sanger*, (district attorney,) for the commonwealth.